LOUISA E. PINE

v.

JOHN SHANNON and others.

On a bill to foreclose a mortgage belonging to a wife, a mere aver-
ment that the owner of the premises falsely alleges that it is unsafe for
him to pay the amount of the mortgaged debt, because of a foreign
attachment issued against complainant's husband, without stating any
connection between the attachment proceedings and the mortgage, is
insufficient.

Bill to foreclose and for injunction. On general demur-
rer, by George Van Horne.

*Mr. George Van Horne*, demurrant, *in pro. pers.*

*Mr. S. C. Mount*, for complainant.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage on land in Hud-
son county, now owned by Willard E. Dudley. It also
prays an injunction against the defendants Dudley and Van
Horne, to restrain the latter from further prosecuting a for-
eign attachment issued out of the Hudson circuit court, in
his favor, against John W. Pine, the complainant's husband,
and the complainant; and to restrain Dudley from paying
any money in or by virtue of the proceedings in that attach-
ment, or to any one other than the complainant, out of the
money due on the bond and mortgage. The bill does not
allege that the money, or any part of it, due or payable on
the bond and mortgage, has been attached, or that the
attachment, or any of the proceedings thereunder, in anywise
embarrass the complainant's suit to foreclose or prevent
Dudley in any way from paying the money secured by the
mortgage to the complainant. The statements of the bill
in no way connect the attachment or the proceedings there-

under with the mortgage or the mortgage debt. For aught that appears, it has no connection whatever therewith.

The bill merely alleges that Dudley pretends that, because of the attachment and proceedings thereunder, he cannot safely pay the mortgage debt to the complainant; and the complainant avers that the attachment is not based on any debt due from her. On the face of the bill, there does not appear to be any reason for making Van Horne a party to this suit. The only relief prayed against him is an injunction restraining him from proceeding in the attachment. If there is no connection between the attachment and the mortgage debt, he, of course, ought not to be required to answer the bill. If Dudley falsely pretends that the attachment and the proceedings thereunder render it unsafe for him to pay the mortgage debt to the complainant, that of itself is no reason why Van Horne should be required to answer the bill. The bill is deficient in averment. The demurrer will be allowed, with costs, and the complainant will have leave to amend, on payment of the costs of the demurrer.